**HUGHES AIRCRAFT COMPANY,
Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–
Cross Appellant.**

**Nos. 94–5149, 95–5001.**

United States Court of Appeals,
Federal Circuit.

July 28, 1998.

Kenneth W. Starr, Kirkland & Ellis, Washington, DC, argued for plaintiff–appellant. With him on the brief was Jay I. Alexander, Washington, DC. Also on the brief were Philip C. Swain, Foley, Hoag & Eliot, Boston, Massachusetts; Victor G. Savikis, Jones, Day, Reavis & Pogue, Los Angeles, California; and Wanda K. Denson–Low, Hughes Aircraft Company, El Segundo, California.

Thomas J. Byrnes, Commercial Litigation Branch, Civil Division, Department of Jus-

tice, Washington, DC, for defendant–cross appellant. With him on the brief were Frank W. Hunger, Assistant Attorney General, and Vito J. DiPietro, Director. Of counsel on the brief were Anthony J. Steinmeyer, and Howard S. Scher, Department of Justice, Washington, DC.

## ORDER

A combined petition for rehearing and suggestion for rehearing in banc having been filed by the Cross Appellant, and a response thereto having been invited by the court and filed by the Appellant, and the petition for rehearing having been referred to the panel that heard the appeal and thereafter the suggestion for rehearing in banc and response having been referred to the circuit judges who are in regular active service, and a poll whether to rehear the appeal in banc having been requested, taken, and failed, it is

ORDERED that the petition for rehearing be, and the same hereby is, DENIED; and it is further

ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.

Circuit Judge CLEVENGER dissents from the order declining the suggestion for rehearing in banc in a separate opinion, in which Circuit Judge GAJARSA joins.

Chief Judge MAYER did not participate.

The mandate of the court will issue on August 4, 1998.

CLEVENGER, Circuit Judge, dissenting from the Order declining the suggestion for rehearing in banc, in which Circuit Judge GAJARSA joins.

A petition for rehearing in banc filed by the United States carries with it the endorsement and urging of the Solicitor General, in addition to the weight of the department of the government that stands to lose in the case. In this case, the United States argues that this court has seriously misunderstood the Supreme Court's command in the celebrated case of *Warner–Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 117 S.Ct. 1040, 1049, 137 L.Ed.2d 146, 41 U.S.P.Q.2d 1865, 1871 (1997). According to the United States, the Supreme Court opinion in that case stated in blunt and clear words that, if a claim is amended during prosecution to secure a patent, then the patentee cannot assert the doctrine of equivalents as to the amended claim limitation. In this case, however, a panel of our court has held that the doctrine of equivalents *does* apply to amended claim limitations.

The words of the Supreme Court that support the position of the United States were identified and explained thoroughly by Judge Gajarsa in his opinion dissenting from our denial of a petition for rehearing in the *Litton* case. *See Litton Sys., Inc. v. Honeywell Inc.*, 145 F.3d 1472, 1473–79, 47 U.S.P.Q.2d 1106, 1108–12 (Fed.Cir. June 18, 1998) (Gajarsa, J., dissenting from Order declining suggestion for rehearing in banc). In that case, I also expressed my chagrin that our court chose not to address the argument made now by the United States. *Id.* at 1472–74, 47 U.S.P.Q.2d at 1107–08 (Clevenger, J., dissenting from Order declining suggestion for rehearing in banc). Because a majority of my colleagues do not wish to listen to the United States in this case, I feel compelled to write on.

We have come a long way from the days when judges frowned on patents as pernicious monopolies deserving scant regard. Today, patents are the backbone of much of the national economy, and, as this court has recently held, virtually anything is patentable, *see State St. Bank & Trust Co. v. Signature Fin. Group, Inc.*, 149 F.3d 1368 (Fed. Cir.1998). This court has emphasized the requirement of clear and concise drafting of claims, and valid claims that are written properly are now enforced to the hilt. I think the Supreme Court understands this, for, in its *Warner–Jenkinson* opinion, it emphasized the cardinal significance of clear claim language, and highlighted the unwanted tension put on such claim language by a loosely applied doctrine of equivalents. I come away from the Supreme Court's opinion with the impression that the Court understands the mischief that the doctrine of equivalents can do to patent law. To counter

such mischief, I think the Supreme Court meant to whittle the doctrine down in size. As I recently explained, however, see *Litton Sys., supra,* nothing in the *Warner–Jenkinson* opinion narrows the reach of the doctrine of equivalents, unless one accepts the reading of the opinion asserted by the United States in this case. In short, the United States thus should not give up on this case just because we deny its petition. Instead, the Solicitor General should ask the Supreme Court to grant a writ of certiorari in this case.

If the United States has misread the Supreme Court, the Court may let the panel's decision stand with a swift denial of the certiorari petition. If the United States is correct, the Supreme Court could grant the petition and might even correct our error per curiam. Cases involving the doctrine of equivalents continue to flow through the federal courts. The question posed by the United States in this case is of utmost importance to patent law. A swift answer to the question is needed. Therefore, it perhaps is wise of my colleagues to decline to spend the many months we would consume in rehearing this case, in favor of clearing the path for the Solicitor General to make his way to the best source for the answer to his question.